UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KALENCIA JACKSON, on her
own behalf and on behalf of
others similarly situated,

           CASE NO.:

     **Plaintiff(s),**

v.

RUNNING RIVER
RESTAURANTS INC., a
Domestic Profit Corporation, and
PATRICK D. ELLIS,
Individually,

     **Defendants.**

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, KALENCIA JACKSON ("JACKSON" or "Plaintiff"), on behalf of herself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendants, RUNNING RIVER RESTAURANTS INC ("RRR"), and PATRICK D. ELLIS, individually ("PDE"), (collectively "Defendants") and states as follows:

## JURISDICTION

1.      Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2.      The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3.      This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

4.      At all times material hereto, Plaintiff was and continues to be a resident of Fulton County, Georgia.

5.      At all times material hereto, RRR was and continues to be a Domestic Profit Corporation.   Further, at all times materials hereto, RRR was and continues to be engaged in business in Georgia, with its principal place of business in Gwinnett County, Georgia.

6.     At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA. Specifically, Plaintiff regularly conducted interstate credit and debit card transactions, and ordered and received materials from outside the state of Georgia during her employment.

7.     At all times material hereto, Plaintiff, was a non-exempt hourly-paid "Store Manager" and performed related duties such as serving Defendants' patrons.

8.     At all times material hereto, Defendant, RRR, was, and continues to be, a Domestic Profit Corporation that operates and conducts business in, among others, Gwinnett County, Georgia.

9.     At all times material hereto, PDE was and continues to be resident of Gwinnett County, Georgia.

10.    At all times material hereto, PDE operated RRR.

11.    At all times material hereto, PDE regularly held and/or exercised the authority to hire and fire employees of RRR.

12.    At all times material hereto, PDE regularly held and/or exercised the authority to determine the work schedules for the employees of RRR.

13.    At all times material hereto, PDE regularly held and/or exercised

the authority control the finances and operations of RRR.

14.     By virtue of having regularly held and/or exercised the authority to: (a) hire and fire employees of JM; (b) determine the work schedules for the employees of JM; and (c) control the finances and operations of RRR, PDE is an employer as defined by 29 U.S.C. 201 *et. seq.*

15.     Plaintiff was an "employee," of Defendants within the meaning of FLSA.

16.     At all times material hereto, Defendants were the "employer" within the meaning of FLSA.

17.     Defendants were and continue to be an "employers" within the meaning of FLSA.

18.     Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

19.     At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce. Specifically, two (2) or more of Defendants' employees regularly and customarily handled food and beverage

products, pens, paper and other supplies, that were produced outside of the State of Georgia, in furtherance of Defendants' business.

20.     The additional persons who may become plaintiffs in this action are/were "non-exempt employees" for Defendants, who held similar positions to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

21.     At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

<u>**STATEMENT OF FACTS**</u>

22.     On or about September of 2011, Defendants hired Plaintiff to work as a non-exempt hourly-paid "store manager," servicing Defendants' customers and place of business.

23.     At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

24.     From at least September of 2011, and continuing through March of 2013, Defendants failed to compensate Plaintiff at a rate of one and one-half

times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

25.    Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA.

26.    Defendants have violated Title 29 U.S.C. §207 from September of 2011, and continuing through the March of 2013, in that:

a.    Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

b.    No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

c.    Defendants failed to maintain proper time records as mandated by the FLSA.

27.    Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent his in the litigation and has agreed to pay the firm a reasonable fee for

its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

28.    Plaintiff re-alleges and re-avers paragraphs 1 through 27 of the Complaint, as if fully set forth herein.

29.    From September of 2011, and continuing through March of 2013, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

30.    Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

31.    At all times material hereto, Defendants failed and continue to fail to maintain proper time records as mandated by the FLSA.

32.    Defendants actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they

knew, or should have known, such was, and is due.

33.    Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

34.    Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

35.    Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

36.    At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and a half for their overtime hours.

37.    Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks because Defendants failed to properly pay Plaintiff, and those similarly situated

to his, proper overtime wages at time and a half their regular rate of pay for such hours.

38.    Plaintiff demands a trial by jury.

## COUNT II
## DECLARATORY RELIEF

40.    Plaintiff adopts all allegations in paragraphs 1 through 38.

41.    The Court, also, has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act.   28 U.S.C. §§ 2201-2202.

42.    Plaintiff may obtain declaratory relief.

43.    Defendants employed Plaintiff.

44.    Defendant PDE is an enterprise, subject to the coverage of the FLSA in 2011.

45.    Defendant PDE is an enterprise, subject to the coverage of the FLSA in 2012.

46.    Defendant PDE is an enterprise, subject to the coverage of the FLSA in 2013.

47.    Plaintiff was individually covered by the FLSA.

48.    Defendants failed to pay Plaintiff for all overtime hours worked.

49.     Defendants failed to pay Plaintiff in a timely fashion, as required by the FLSA.

50.     Defendants did not keep accurate time records pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

51.     Defendants failed to take affirmative steps to support a good faith defense.

52.     Plaintiff is entitled to liquidated damages.

53.     It is in the public interest to have these declarations of rights recorded.

54.     Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

55.     The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

56.     It is in the interest of all current and former employees to get a declaratory judgment.

57.     Plaintiff demands trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Awarding Plaintiff the declaratory relief sought herein;

c. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

d. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

e. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

f. Awarding Plaintiff pre-judgment interest; and

g. Ordering any other further relief the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: October ____17____, 2013

Respectfully submitted,

_____
ANDREW FRISCH, Esq.
GA Bar No.: 366105
MORGAN & MORGAN, P.A.
600 N. Pine Island Road
Suite 400
Plantation, Florida 33324
Telephone: (954) 318-0268
Facsimile:  (954) 333-3515
**E-mail:  AFrisch@forthepeople.com**

***Trial Counsel for Plaintiff***